**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNA FLEENOR, | No. 21-35346 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00277-DCN-REB |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted May 19, 2022[**]
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Donna Fleenor appeals the district court's order affirming the Social Security

Commissioner's denial of disability benefits. This appeal arises after our prior

review of an earlier appeal, in which we remanded the decision to the agency with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

instructions to "reevaluate Dr. Prier and Dr. Atteberry's medical opinions in accordance with the factors laid out in 20 C.F.R. § 404.1527(c)(2)-(6)." *Fleenor v. Berryhill*, 752 F. App'x 451, 452 (9th Cir. 2018). Fleenor contends that, on remand, the second Administrative Law Judge ("ALJ") erred when he denied disability benefits because his findings were not supported by substantial evidence. Specifically, Fleenor contends that the second ALJ did not adequately assess medical opinion evidence in accordance with our prior instructions and the 20 C.F.R. § 404.1527(c)(2)-(6) factors, and that the ALJ erred in rejecting her symptom testimony. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we again vacate and remand.

We review the district court's judgment affirming the ALJ's denial of Supplemental Security Income ("SSI") benefits *de novo*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008), "and reverse[] only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard," *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

The first ALJ found that Fleenor's "allegations of disabling symptoms [were] not consistent with her daily activities." Reviewing the first ALJ's decision, we held "that the ALJ erred in rejecting the opinions of treating physicians, Drs. Prier and Atteberry, and in discrediting Fleenor's symptom testimony." *Fleenor*, 752 F. App'x at 452. We noted that "[i]n a four-sentence paragraph, the ALJ gave 'little weight'

2

to Dr. Prier's opinion because he gave it on a check-box form with no explanation, and his treatment records showed little objective findings." *Id*. "In an even shorter three-sentence paragraph, the ALJ assigned 'little weight' to Dr. Atteberry's opinion because he 'merely' checked a box on the form and gave no further explanation." *Id*. We cautioned that a rejection of Fleenor's symptom testimony must be supported by "specific, clear, and convincing reasons." *Id.* (internal quotation marks and citation omitted).

On remand, we instructed the agency to evaluate Drs. Prier and Atteberry's opinions "in accordance with the factors listed in 20 C.F.R. § 404.1527(c)(2)-(6)." *Id.* at 453. However, contrary to our instructions, the second ALJ did not evaluate the length, nature, frequency of examination, or extent of Fleenor's treatment relationship with her physicians. The second ALJ instead concluded that "Dr. Prier diagnosed major depressive disorder and cervicalgia/cervical radiculopathy, with minimal objective exam, signs, or findings reprted [sic] in his own treatment notes," without acknowledging the lengthy treatment relationship between Dr. Prier and Fleenor from 2011 to 2014. With respect to Dr. Atteberry's opinion, the second ALJ determined that "[f]or all the same reasons, Dr. Atteberry's opinion ha[d] negligible probative value." The second ALJ did not discuss the fact that Dr. Atteberry was the physician who performed Fleenor's neck surgery, a context in which Dr. Atteberry saw Fleenor as a patient many times, nor did it

recognize that Dr. Atteberry is a neurosurgeon, a specialty that increases the relevance of his opinion under 20 C.F.R. § 404.1527(c)(5).

After rehearing, the second ALJ discounted Fleenor's symptom testimony, noting that "[Fleenor's] activities of daily living . . . are not as limited as one would expect from an individual alleging complete disability." We agree with the ALJ that Fleenor's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence on the record." "Even where those activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of totally debilitating impairment." *Molina*, 674 F.3d at 1112–13. Under the proper standard of review, there is no reason for this panel to overturn the credibility determination. *See Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."). We conclude that the ALJ properly discredited Fleenor's symptom testimony.

Nonetheless, because the second ALJ did not follow our previous instructions, we again remand this case back to the agency for additional rehearing and analysis consistent with the 20 C.F.R. § 404.1527(c)(2)-(6) factors. Any analysis rejecting

4

the medical opinions of Drs. Atteberry and Prier should be accompanied by "'specific, clear, and convincing reasons.'" *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting *Molina*, 674 F.3d at 1112). The parties shall each bear their own costs.

**VACATED AND REMANDED.**